UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISHAUNA M. ALEXANDER,

    Plaintiff,

v.

Civil Case No. 19-13697
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 14, 2021 REPORT AND RECOMMENDATION [ECF NO. 18]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12]; AND, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]**

Ishauna Alexander ("Plaintiff") filed this lawsuit on December 16, 2019, challenging the Commissioner of Social Security's final decision denying her application for supplemental security income benefits under the Social Security Act. The following day, the matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 12, 15.)

On January 14, 2021, Magistrate Judge Whalen issued an R&R in which he recommends that this Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm the decision finding Plaintiff not disabled. (ECF No. 18.) Magistrate Judge Whalen first rejects Plaintiff's argument that the ALJ's finding that she could perform exertionally light work did not fully account for her difficulty walking due to obesity. (*Id.* at Pg ID 647-49.) Magistrate Judge Whalen next rejects Plaintiff's argument that the ALJ erred by declining to accord controlling weight to the opinions of her treating psychologist and psychiatrist. (*Id.* at 649-53.)

At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 653-54.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at Pg ID 653.) Plaintiff filed objections to the R&R on January 28, 2021. (ECF No. 19.) The Commissioner filed a response to Plaintiff's objections on February 11, 2021. (ECF No. 20.)

2

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . .. The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report

3

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1983). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## **THE EVALUATION PROCESS**

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

> 1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).
>
> 2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

> 3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.  *Id*.
>
> 4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).
>
> 5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he or she can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find the claimant disabled.  *Id*.

If the ALJ finds the claimant disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id*.  However, if the ALJ does not find the claimant disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  "The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

## **THE ALJ'S DECISION & PROCEDURAL HISTORY**

At the first step, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since September 21, 2017.  (ECF No. 9-2 at Pg ID 48.) The ALJ found at step two that Plaintiff has the following severe impairments:

5

morbid obesity; major dysfunction of the bilateral knees; anxiety; autism spectrum disorder; and mood swings. (*Id.* at Pg ID 48-49.) The ALJ next analyzed whether Plaintiff's impairments meet any of the listed impairments and determined that they d0 not. (*Id.* at Pg ID 49-51.)

At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> limited to "low stress" work, which is defined as: simple, routine, and repetitive tasks in an environment free from fast-paced production requirements (such as an assembly line wherein each task must be completed within a strict timeframe) with only simple decision-making and few, if any, workplace changes. The claimant would also be limited to *less than occasional* contact with supervisors, and only incidental contact with coworkers (no tandem work groups) and the general public. (Incidental contact with coworkers is defined as the ability to encounter or pass coworkers in common areas, such as time clocks, break rooms, restrooms, and lunchrooms, and the claimant may even work at the same table with other workers, but she must not have a requirement to interact with coworkers in order to successfully complete assigned tasks. Lastly, incidental contact with the general public is defined as the ability to pass or encounter the public in common areas, such as hallways, restrooms, or lobbies, but there would be no requirement to interact with the general public in order to successfully complete assigned tasks.)

(*Id.* at Pg ID 51 (emphasis in original).) The ALJ then found that Plaintiff has no past relevant work. (*Id.* at Pg ID 56.)

At the final step, the ALJ considered whether a significant number of jobs exist in the national economy that Plaintiff could perform given her age (23 on the

6

date of her disability application), education (high school), and RFC. (*Id.* at Pg ID 56-57.) Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs in significant numbers in the national economy that Plaintiff could perform. (*Id.* at Pg ID 57) Specifically, the ALJ identified the jobs of hand packager, sorter, and visual inspector/checker. (*Id.*)

The ALJ therefore found Plaintiff not disabled as defined by the Social Security Act. (*Id*. at Pg ID 57-58.) This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 28, 2019. (*Id.* at Pg ID 32-34.)

Plaintiff filed the instant lawsuit on December 16, 2019, seeking reversal of the Commissioner's decision or a remand for review. Plaintiff argues that the ALJ's RFC failed to accommodate for her knee problems and morbid obesity. (*See* ECF No. 12 at Pg ID 587.) Plaintiff next argues that the ALJ did not properly consider the opinions of her treating psychologist and psychiatrist, Robyn Glickman, Ph.D., and Thomas Park, M.D., respectively. (*Id.* at Pg ID 588.) As indicated, in the R&R, Magistrate Judge Whalen finds no error in the ALJ's analysis. (*See* ECF No. 18.)

7

## **PLAINTIFF'S OBJECTION & ANALYSIS**

Plaintiff raises essentially one objection to the R&R. (ECF No. 19.) Plaintiff claims that the ALJ failed to properly evaluate Dr. Glickman's and Dr. Park's opinions and substituted her own medical judgment when assessing the RFC. Plaintiff does not object to Magistrate Judge Whalen's evaluation of her arguments relating to her physical limitations. She therefore has waived those challenges. *See Smith*, 829 F.2d at 1373.

The treating physician rule does not apply to Plaintiff's case, as she filed her application for benefits after March 27, 2017. *See* 20 C.F.R. § 404.1520c; *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852-57 (Jan. 18, 2017). Under the Social Security Administration's revised rules, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) … including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The regulations list the five most important factors used to evaluate an opinion's persuasiveness, with supportability and consistency being the most important. *Id.* § 404.1520c(a), (b)(2), (c). The regulations require the ALJ to articulate how persuasive he or she found the medical opinions in the case record;

8

however, the ALJ is not required to explain how each relevant factor was considered. *Id*. § 404.1520c(b)(1).

The ALJ considered three opinions relative to Plaintiff's mental impairments: Dr. Glickman's (ECF No. 9-7 at Pg ID 473-74); Dr. Park's (*id.* at Pg ID 470-71); and State agency medical consultant, Dyan Hampton-Aytch, Ph.D. (ECF No. 9-3 at Pg ID 99-108). (*See* ECF No. 9-2 at Pg ID 54-55.) Drs. Park and Glickman, who work in the same office, began treating Plaintiff in early February 2017. (*See* ECF No. 9-7 at Pg ID 470; *see also* ECF No. 9-7 at Pg ID 338.)

When asked to describe the symptoms and functional limitations of Plaintiff's medical condition, Dr. Park listed "social isolation/withdrawing", "lethargy", "poor execution", "mood swings", "overwhelming emotions", "excitability", "difficulty with routine disruption", "sleep issues", and "decision making difficulty". (ECF No. 8-7 at Pg ID 470.) Dr. Park opined that Plaintiff's ability to perform a full-time job would be "[d]ependent on job [and] flexibility" but that the job "must have adaptations", "breaks", and "flexibility with punctuality [and] attendance." (*Id*. at Pg ID 471.)

Dr. Glickman reported that Plaintiff's impairments are likely to produce "good days" and "bad days" with Plaintiff estimating to be absent from work two to three days per month. (*Id*. at Pg ID 473.) Dr. Glickman indicated that

9

Plaintiff's psychological symptoms would interfere with the attention and concentration needed to perform even simple works tasks at least 20% of an eight-hour workday and that she would not be able to sustain an ordinary routine without special supervision at least 20% of an eight-hour workday. (*Id.*) Dr. Glickman reported that Plaintiff would need unscheduled breaks to deal with normal work stress and would be distracted working in proximity to others at least 20% of an eight-hour workday. (*Id.*)

Dr. Glickman indicated uncertainty about whether Plaintiff could handle minimal changes in work routine without requiring re-training as Plaintiff finds "change very difficult." (*Id.*) While Dr. Glickman reported that Plaintiff can accept instructions, she indicated that Plaintiff sometimes has difficulty responding appropriately to criticism. (*Id.*)

Dr. Hampton-Aytch opined that Plaintiff is capable of simple work activity with concentration and persistence limitations and social interaction limitations. (ECF No. 9-3 at Pg ID 105-06.) Dr. Hampton-Aytch found Plaintiff "moderately limited" in the ability to carry out detailed instructions, maintain attention and

10

concentration for extended periods, and in the ability to interact appropriately with the general public. (*Id.*)

The ALJ concluded that the opinions of Dr. Park and Dr. Glickman were "not persuasive, as they are not generally supportable and not entirely consistent with the medical and other evidence of record." (ECF No. 9-2 at Pg ID 55.) Specifically, the ALJ indicated that their "opinions were not supported by their mental health treatment reports and findings during examinations." (*Id.*) In comparison, the ALJ found Dr. Hampton-Aytch's opinion "persuasive." (*Id.*) This Court agrees with Magistrate Judge Whalen that substantial evidence supported the ALJ's assessment. Contrary to Plaintiff's assertions in her objections, the ALJ did not substitute her own medical judgment for the opinions of Plaintiff's treating specialists and the ALJ in fact relied upon a contrary medical opinion: the opinion of Dr. Hampton-Aytch.

In her objections, Plaintiff argues that treatment notes reflecting her ability to maintain personal care, perform household activities, and engage in certain daily activities do not demonstrate an ability to engage in full-time work, per se. (ECF No. 19 at Pg ID 659-61.) However, those activities do undermine many of the limitations—or at least the severity of the limitations—as stated in the opinions of Drs. Park and Glickman. For example, in their own medical records, Drs. Park and

11

Glickman repeatedly described Plaintiff as friendly and communicative, with normal speech, language, affect, behavior and logical associations (ECF No. 9-7 at Pg ID 380, 382, 428, 430, 432, 434, 436, 441, 443, 446, 451, 453, 455, 515, 520, 522), contrary to the social limitations identified by Dr. Glickman (*Id*. at Pg ID 473.)  Further, the treatment notes generally described Plaintiff as having no problems with attention.  (*Id.* at Pg ID 380, 382, 428, 430, 434, 436, 441, 443, 446, 451, 453, 455, 460, 462, 465, 467, 513, 515, 518, 520, 522, 524.)  Dr. Glickman, in comparison, identified attention and concentration as being problematic for Plaintiff.  (ECF No. 9-7 at Pg ID 473.)  Plaintiff's daily activities, which included babysitting several children, pet sitting, and attending church twice a week, as well as her ability to obtain her GED after preparing at a neighborhood learning center where she worked one-on-one and in a classroom, also weigh against the opinions of Drs. Glickman and Park.

The ALJ did not substitute her own interpretation of Plaintiff's medical records for that of Dr. Park or Dr. Glickman, as Plaintiff argues.  (ECF No. 19 at Pg ID 656, 658 (citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015); *Rogers v. Comm'r of Soc. Sec.*, No. 4:18-cv-10561, 2019 WL 490384, at *18 (E.D. Mich. Jan. 7, 2019).)  Rather, the ALJ properly discussed objective evidence in the record, which did not consist of raw medical data, and used

12

common sense to extrapolate what Plaintiff can and cannot do. The ALJ made "a logical bridge" between the evidence relied on and the conclusions reached. *See, e.g., Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 830 (E.D. Mich. 2017) (quotation marks and citations omitted).

Finally, the Court appreciates that a claimant's activities of daily living may not always equate to his or her ability to perform substantial gainful activity. (*See* ECF No. 19 at Pg ID 659-60 (citing cases).) In fact, the applicable regulations state: "Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity." 20 C.F.R. § 404.1572. Nevertheless, the regulations do not prohibit the ALJ from assessing such activities in determining the claimant's abilities and limitations. Moreover, the ALJ did not conclude that Plaintiff could perform a limited range of light work based solely on her activities of daily living. As discussed earlier, the ALJ also relied on Plaintiff's medical records and the opinion of Dr. Hampton-Aytch.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Whalen's R&R and adopts Magistrate Judge Whalen's recommendations.

Accordingly,

13

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 15) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 22, 2021